

**U.S. Department of Justice**

United States Attorney
Western District of Tennessee

*800 Federal Office Building*   *Telephone (901)544-4231*
*Memphis, Tennessee 38103*   *Fax (901)544-4230*

April 29, 2015

Ned Germany, Esq.
Assistant Federal Defender
200 Jefferson Avenue, Suite 200
Memphis, Tennessee 38103

Re:  United States vs. Terrence Milam
      Cr. No. 15-cr-20091-SHM

Dear Mr. Germany:

   I am currently in receipt of your letter dated, filed, and received on April 23, 2014, requesting discovery in the above-referenced matter.   Pursuant to said request, please be advised as follows:

   1.   As to Rule 16(a)(1)(A) and (B) Statement of defendant, please be advised that your client did not make statements to law enforcement officers. Nor did your client testify before any grand jury during the investigation of this case.

   2.   As to Rule 16(a)(1)(D) Defendant's Prior Record, the United States is not aware that your client has a criminal history.   Documentation can be provided to you if you wish.

   3.   As to Rule 16(a)(1)(E) Documents and Tangible Objects, please be advised that there are several documents and physical items which the United States may introduce at the trial of this cause, including:

- Images and video obtained from digital storage devices belonging to and/or used by your client;
- Cellular telephones and digital storage media;
- Photographs of the vehicle being used by your client and its contents.

1

- Items and information obtained pursuant to search warrant, possibly including photos of the search location.

The of the evidence is being secured at the offices of the Federal Bureau of Investigation, due to its sensitive subject matter.  Please contact Memphis Child Exploitation Task Force Officer Clarita Leake at 901.747.4300 to arrange a convenient time to review the material.   I will make arrangements to attend the discovery conference as well.   The items will be available for your inspection at our discovery meeting, and will continue to be made available to you for your inspection and review as often as you feel is necessary.  Please note that Title 18, United States Code Section 3509(m) precludes reproduction in any manner of material that constitutes child pornography as defined in Section 2256.  You may, however, photograph any tangible items that contain said images.

Some of the aforementioned items were obtained pursuant to search warrants executed upon your client's residence and storage media.   Copies of the affidavits and application for each search warrant will be included in your discovery materials.

4. As to Rule 16(a)(1)(F) <u>Reports of Examinations and Tests</u>, please be advised that forensic examinations were conducted on digital devices that belonged to your client and the victim. The results of the examinations will be provided to you at the above-referenced discovery meeting.

5. As to Rule 16(a)(1)(G) <u>Expert Witnesses</u>, the government intends to present testimony of fact witnesses who have specialized knowledge and training in the processes used in digital data extraction.   However, they will not be testifying as to any opinions regarding the evidence in this case.   Should the government determine that the witnesses will provide expert testimony, you will be promptly notified.

6. As to your request pursuant to Rule 12(b)(4)(B), regarding items seized by law enforcement agents which could be the subject of a motion to suppress under Rule12(b)(3)(C), please be advised that search warrants were issued for your client's residence, cell phones, and digital storage devices.  You will receive copies of all material obtained pursuant to the warrants, with the exception of any images that constitute child pornography as noted above, in your discovery materials.

7. Please be advised that there was no electronic surveillance or wiretap utilized in the investigation of this case.

8. Please be advised that the United States may seek to introduce evidence under Rule 404(b) should this matter proceed to trial.  This evidence includes your client's ongoing sexual abuse of two minor females, Jane Doe 1 and Jane Doe 2.  This evidence would be offered in order to demonstrate intent and identity as it pertains to the charged offenses.

9. The government is presently unaware of any exculpatory evidence regarding your client in this case, but is cognizant of its continuing obligation to make same available in a timely manner, should it exist. Additionally, the United States is aware of its continuing obligation to make any impeachment evidence available in a timely manner, should it exist. At this time, the United States is aware of the following impeachment evidence:

Jane Doe 2 initially denied that your client had sexually abused her or produced child pornography of her. She first denied this when confronted by her mother approximately two years ago. She also denied any inappropriate conduct when she was forensically interviewed at the Child Advocacy Center on or about January 23, 2015. She subsequently admitted that your client had been abusing her and taking photographs of the abuse.

The government is not aware of any additional potential impeachment evidence, but will promptly disclose same to you should it be discovered.

And now having fully responded, the United States hereby requests any and all reciprocal discovery to which it may be entitled pursuant to Rule 16(b) F.R.Crim.P., and applicable case law.

                Very truly yours,

                EDWARD L. STANTON III
                United States Attorney

        By:     /s/ Debra L. Ireland
                Debra L. Ireland
                Assistant United States Attorney

DLI/di
cc:    TFO Clarita Leake
       Thomas Gould, Clerk, United States District Court